**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Case No: |
| SUSAN M. MATHEWS, ) | |
| ) | |
| Debtor. ) | |

**FIRST STATE TRUST COMPANY'S MOTION TO QUASH SUBPOENA,
OBJECTIONS, AND RESERVATION OF RIGHTS**

First State Trust Company ("**First State Trust**"), a Delaware entity, by and through its undersigned counsel, files its Motion to Quash Subpoena, Objections, and Reservation of Rights (the "**Motion**"). In support thereof, First State Trust states the following:

**I.   BACKGROUND.**

1.   First State Trust received a Subpoena for Rule 2004 Examination (the "**Subpoena**") on February 27, 2018 at its place of business at 2 Righter Parkway, Suite 250, Wilmington, Delaware 19803. The Subpoena is attached hereto as Exhibit A. The Subpoena was issued from the United States Bankruptcy Court for the Southern District of Florida. It was issued on behalf of Robert C. Furr, Trustee ("**Furr**") in the Susan M. Mathews ("**Debtor**") Chapter 7 bankruptcy case, Case No. 17-22116-EPK, pending in that court. The Subpoena was signed by an attorney in Furr's law firm, Furr Cohen, located in Boca Raton, Florida.

2.   On the face of the Subpoena, the box is checked for production with the following instructions: "You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of material: All documents, communications, and/or electronically stored information responsive to the requests set forth in the Notice of 2004 Examination

1

attached hereto as Exhibit 1" (the "**Notice**").  However, the Subpoena does not provide a place, date, or time for production and there is no Rule 2004 examination scheduled.

3. The Notice attached to the Subpoena identifies, *inter alia*, seven sweeping and broad categories of documents requested relating to the Trust, including the following:  all its assets, all acquisition of assets at any time, all documents relating to loans, all documents relating to the repayment of loans, communications with the distribution committee, and documents relating to distribution by the Trust (the "**Document Requests**"). The Notice seeks to have First State Trust produce documents to Furr's law firm in Boca Raton, Florida "with fourteen (14) days." *Id*.   The law office is roughly 1,100 miles from First State Trust.

4. First State Trust is a Delaware Trust Company.  Affidavit of Christopher Carr ¶3. The Affidavit is attached hereto as <u>Exhibit B</u>. First State Trust is the Trustee for the Susan M. Mathews Delaware Trust II (the "**Trust**"). *Id*. ¶4.  First State Trust's headquarters and only place of business is located in Wilmington, Delaware. *Id*. ¶5.  The Subpoena is addressed to the Records Custodian, First State Trust in Wilmington, Delaware.  The Records Custodian and anyone who maintains the books and records for First State Trust are located at its headquarters in Wilmington, Delaware. *Id*. ¶6.

5. The Trust is a Qualified Disposition in Trust under Delaware law.  Debtor is one of five beneficiaries and 11 remainder beneficiaries of the Trust.  As a Qualified Disposition in Trust, the Trust assets are impenetrable to creditor claims and individual beneficiaries have no control over disposition of Trust assets.  The Delaware Court of Chancery previously evaluated the same Trust and threw out a creditor's claim on summary judgment. *See Trustco Bank, et al. v. Susan M. Mathews, et al.*, 2015 WL 295373 (Del. Ch. Jan. 22, 2015) (the "**Chancery Decision**"). The Chancery Decision is attached hereto as <u>Exhibit C</u>.  Trustco Bank, the Plaintiff

in the Chancery Decision whose claims are forever barred, is the only creditor to make a claim in Debtor's pending bankruptcy case. *Id.* at *1. Additionally, on March 3, 2016, the Delaware Court of Chancery entered a *Stipulation and Order of Dismissal With Prejudice* (the "**Dismissal Order**") as to those claims. The Dismissal Order is attached hereto as Exhibit D.

## II. ARGUMENT.

6. The U.S. Supreme Court made significant changes to Fed. R. Civ. P. 45, effective as of December 1, 2013. The current rule establishes separate functions for the court that issues a subpoena (the "**Issuing Court**") and "the court for the district where compliance is required" (the "**Compliance Court**"). This Court is the Compliance Court empowered to consider First State Trust's Motion under Fed. R. Civ. P. 45(d)(3) because a subpoenaing party may only require compliance for a non-party subpoena "within 100 miles where the person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(2)(A). The place where compliance is required depends on where the subpoena recipient resides. *See Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) ("Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person" but involving a situation where the individuals lived and were employed in the same district where the subpoena commanded production); *See also XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171, at *20 (D. N.M. April 11, 2016) (noting that "revised rule 45(d)(3) provides that motions to quash or enforce a subpoena can be brought in the district where compliance is required—i.e., the district in which the subpoena's recipient resides or works"). This District is where First State Trust, its documents, and Records Custodian are all located. Furthermore, Fed. R. Civ. P. 45(d)(2)(A) states that a non-party does not have to appear at the commanded place of production.

7.      This is the Compliance Court notwithstanding Furr's invalid attempt to have documents produced in violation of the 100-mile rule. Any other interpretation would allow a party to benefit from intentionally violating Fed. R. Civ. P. 45(c)(2)(A). Furr should not be permitted to circumvent Fed. R. Civ. P. 45 by improperly seeking compliance in violation of the clear mandates of the rule. Indeed, the point of the changes to the Federal Rules was to "protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required…" Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment.

A.     *The Subpoena Violates Rule 45*.

8.      Fed. R. Civ. P. 45, applicable through Fed. R. Bankr. P. 9016, establishes the method to gain production of documents from a non-party in a pending case. The rule "confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands." *Audi of America, Inc. v. Bronsberg & Hughes Pontiac, Inc.*, 2017 WL 1471491, at *2 (M.D. Pa. April 25, 2017) (quashing a subpoena for violating the 100-mile rule). A subpoena must be issued by the court where the subject action is pending. *Woods ex rel. U.S. v. Southerncare, Inc.*, 303 F.R.D. 405 (N.D. Ala. 2014).     However, challenges to the subpoena are heard by the district court encompassing Fed. R. Civ. P. 45(c)(2)'s limits to the geographic reach of a subpoena. That rule states:

> *(2) For Other Discovery*. A subpoena may command:
>
>     (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

Fed. R. Civ. P. 45(c)(2).

9. This rule requires that a command for the production of documents, tangible things, and electronically stored information must occur at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. Here, that is Delaware. To the extent the Subpoena calls for production more than 100 miles from Wilmington, Delaware, the Subpoena is void and unenforceable.

B. The Invalid Subpoena Must be Quashed.

10. Fed. R. Civ. P. 45(d)(3)(A)(ii) directs that a court must quash a subpoena that purports to compel compliance beyond the geographical limits specified in Fed. R. Civ. P. 45(c). That rule states:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
> *(3) Quashing or Modifying a Subpoena.*
>
>> *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>>
>>> (i) fails to allow a reasonable time to comply;
>>>
>>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>>>
>>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>>
>>> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d). As stated above, the Subpoena violates Fed. R. Civ. P. 45(c) because it attempts to require First State Trust to comply more than 100 miles from its resident state.

11. First State Trust is a Delaware entity. Its principal place of business is in Wilmington, Delaware. It is not a resident of Florida and has no place of business in Florida.

First State Trust does not store or house its records or documents in Florida. And, Wilmington, Delaware is more than 100 miles from Boca Raton, Florida, where Furr is seeking to have First State Trust produce documents. "Where a subpoena has been served upon a witness who resides, works, transacts business beyond the 100 miles limit prescribed by Rule 45, we have not hesitated to quash the subpoena…" *Audi of America, Inc.*, 2017 WL 1471491, at *2. The Subpoena violates Fed. R. Civ. P. 45 and is defective and unenforceable. The Court should quash the Subpoena to the extent it violates the 100-mile rule.

      C.      <u>The Subpoena was Defectively Issued Under Rule 2004</u>.

12. This matter involves a pending bankruptcy case. The purported authority Furr relies upon to issue the Subpoena is Fed. R. Bankr. P. 2004, not the traditional discovery authorized under Fed. R. Civ. P. 26. Fed. R. Bankr. P. 2004 does not permit standalone requests for documents. An actual examination is required. Fed. R. Bankr. P. 2004(b). "[N]othing in Rule 2004 authorizes a party to require production of documents unless such production is in connection with and at the same time as examination of the subject entity." *In re Sunridge Associates*, 202 B.R. 761, 762 (Bankr. E.D. Cal. 1996) (denying an application for a Rule 2004 examination). Fed. R. Bankr. P. 2004 specifically states: "The attendance of an entity for examination <u>and</u> for the production of documents…may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." Fed. R. Bankr. P. 2004(c) (emphasis added). The Notice attached to the Subpoena references Local Rule 2004-1. That Local Rule also requires an actual "examination." Like Fed. R. Bankr. P. 2004, Local Rule 2004-1 requires "production of documents <u>at</u> <u>the</u> <u>examination</u>." Local Rule 2004-1(A) (emphasis added).

13. The Subpoena is facially defective because it fails to notice an actual examination. The Notice only seeks production of documents (outside of the range of Fed. R.

Civ. P. 45) "with[sic] fourteen (14) days of service" at a law firm in Boca Raton, Florida that is more than 1,100 miles from First State Trust and which is not associated with any examination. The Subpoena is improper and violates Fed. R. Bankr. P. 2004 and Local Rule 2004-1.  It must be quashed.

        D.        <u>Sanctions Should be Awarded</u>.

14.     Fed. R. Civ. P. 45(d) requires the Court to impose an appropriate sanction, including attorneys' fees, on a party or attorney who fails to comply with the requirement that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d).  This Court "must enforce this duty and impose an appropriate sanction." *Id.* A subpoena may be issued in "good faith" but still may be improper if the party serving the subpoena has failed to "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." *Liberty Mut. Ins. Co. v. Diamante,* 194 F.R.D. 20, 23 (D. Mass. 2000); *See also Georgia–Pacific LLC v. American Intern. Specialty Lines Ins. Co.,* 278 F.R.D. 187, 190 (S.D. Ohio 2010) ("So long as the duty to avoid imposing an undue burden is violated, it is of no consequence that the party or attorney who served the subpoena acted in good faith."); *Huntair, Inc. v. Climatecraft, Inc.,* 254 F.R.D. 677, 679 (N.D. Okla. 2008) ("[G]ood faith in issuing a subpoena is not sufficient to avoid sanctions under Rule 45(c)(1) if a party has issued the subpoena in violation of the duty imposed by that Rule.").

15.     The "convenience for the non-party is the highest concern when dealing with such subpoenas." *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 80-81 n. 13 (D. Del. 2009). ("The underlying purpose of Rule 45(c)(1), is 'to protect a non-party witness as a result of a misuse of the subpoena,' which also shows that the imposition of sanctions is appropriate."

(citations omitted)). Sanctions should be assessed against Furr for violating both Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 2004.

16. Additionally, out of an abundance of caution, to the extent this Court orders First State Trust to comply with the Subpoena, this Court should shift the costs of production to the requesting party. *See* Fed. R. Civ. P. 45(c)(2)(B) advisory committee's note ("The court is not required to fix the costs in advance of production, although this will often be the most satisfactory accommodation to protect the party seeking discovery from excessive costs. In some instances, it may be preferable to leave uncertain costs to be determined after the materials have been produced, provided that the risk of uncertainty is fully disclosed to the discovering party."); *See also Leg. Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013) (When discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena duces tecum imposes significant expense on the non-party; if so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder "non-significant.").

E.  <u>Objections and Reservation of Rights</u>.

17. The Subpoena is invalid and unenforceable and should be quashed as described above. First State Trust has no obligation to respond to a defective and invalid subpoena, including any requirement to serve written objections under Fed. R. Civ. P. 45(d)(2)(B). However, out of an abundance of caution, First State Trust also objects to the Document Requests and reserves all rights under Fed. R. Civ. P. 45(d)(e) and (f) and its right to seek a protective order in the event the Subpoena, or any future attempt to subpoena First State Trust, is deemed to be valid. The grounds for the objection are as follows:

- The Document Requests exceed the scope of permissible discovery under Fed. R. Civ. P. 26, Fed. R. Civ. P. 45, and Fed. R. Bankr. P. 2004.

- The Subpoena and Document Requests are overly broad, unduly burdensome, and harassing.

- The Subpoena violates Fed. R. Civ. P. 45(d)(1).

- The Subpoena and Document Requests seek confidential and proprietary information.

- The Subpoena and Document Requests seek privileged and other protected matter.

- The Trust is a Qualified Disposition in Trust under Delaware law, 12 Del. C. §§ 3570-3576.  As such, the interest of the transferor or other beneficiaries of the trust property or the income therefrom may not be transferred, assigned, pledged or mortgaged, whether voluntarily or involuntarily, before the trustee actually distributes the property or income therefrom to the beneficiaries therein.  12 Del. C. § 3570 (11)(c).

- As a Qualified Disposition in Trust, any creditor claim has been extinguished under Delaware law.

- There are five current beneficiaries and 11 remainder beneficiaries of the Trust.  Debtor is only one.  First State Trust, as Trustee, owes fiduciary duties to all of the beneficiaries.  Disclosing the breadth of information requested by the Subpoena would cause First State Trust to breach its duties to the beneficiaries.

- Debtor has no power to direct distributions from the Trust.

- The Subpoena and Document Requests are irrelevant to any proceedings in the bankruptcy case because, *inter alia*, any creditor claim or claim from Furr are barred by the summary judgement Chancery Decision in *Trustco Bank, et al. v. Susan M. Mathews, et al.*, 2015 WL 295373 (Del. Ch. Jan. 22, 2015) and the subsequent Dismissal Order, dismissing that action with prejudice.

- The Subpoena and Document Requests are irrelevant based on the doctrines of *res judicata*, waiver, and estoppel and are barred by the applicable statute of limitations.

18. First State Trust reserves the right to assert other objections and to move for a protective order on any grounds based on federal or state law.

### III. CONCLUSION.

19. For all the reasons stated above, the Subpoena delivered to First State Trust should be quashed, sanctions should be assessed against the issuing party, and all of First State Trust's objections and any other challenge to the document production, including jurisdiction, should be preserved.

        **BAIRD MANDALAS BROCKSTEDT, LLC**

        /s/ Kevin A. Guerke
        Kevin A. Guerke, Esquire (ID No. 4096)
        2961 Centerville Road, Suite 310
        Wilmington, DE 19808
        (302) 327-1100
        *Attorneys for First State Trust Company*

DATED: March 13, 2018